UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In the Matter of the Application for an Order
Pursuant to Article 75 of the CPLR Staying
Arbitration of a Certain Controversy Between:

THE REPUBLIC OF ECUADOR and
PETROECUADOR

       Petitioners,

- against -

CHEVRONTEXACO CORPORATION,
TEXACO PETROLEUM COMPANY, and
AMERICAN ARBITRATION ASSOCIATION

       Respondents.
------------------------------------------------------------x

04 CV _____

**NOTICE OF REMOVAL**



TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

    1.    ChevronTexaco Corporation and Texaco Petroleum Company are respondents in a civil proceeding initiated on October 15, 2004 in the Supreme Court of the State of New York, County of New York. Pursuant to the provisions of 28 U.S.C. §§ 1441, 1446 and 9 U.S.C. §§ 205, 302, ChevronTexaco Corporation and Texaco Petroleum Company remove this action to the United States District Court for the Southern District of New York, which is the judicial district in which the action is pending.

    2.    Removal of this action from the Supreme Court of the State of New York to this Court is proper under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction of the action on the basis of diversity of citizenship, 28 U.S.C. § 1332(a)(4), had the action originally been brought in this Court. Original jurisdiction on the basis of diversity of citizenship exists because:

    a.    The petitioners are The Republic of Ecuador and Petroecuador, Ecuador's state-owned oil company, which are both foreign states as defined in 28 U.S.C. § 1603(a).

    b.    Respondent ChevronTexaco Corporation is a corporation that is organized and incorporated under the laws of the State of Delaware, with its principal place of business in San Ramon, California.

    c.    Respondent Texaco Petroleum Company is a corporation that is organized and incorporated under the laws of the State of Delaware, with its principal place of business in San Ramon, California.

    d.    Respondent the American Arbitration Association ("AAA"), named by petitioners as a respondent in this action, should be ignored by the Court for the purpose of determining whether removal on diversity grounds is appropriate because: (i) the AAA is a nominal party only, having no interest in the subject matter of the action; (ii) the AAA was improperly joined in this action; and (iii) as a matter of law, the AAA is not a proper party in a suit to determine the propriety of arbitration.

    e.    The amount in dispute in this action exceeds the sum of $75,000, exclusive of interest and costs, because the petitioners seek to enjoin a pending arbitration in which the amount in controversy exceeds $75,000.

3.    Removal of this action from the Supreme Court of the State of New York to this Court is also proper under 9 U.S.C. § 205 and 9 U.S.C. § 302 because the subject matter of this action relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards and/or the Inter-American Convention on International Commercial Arbitration. The arbitration agreement, which is the subject matter of this action, falls under one or both of those conventions because, as required by 9 U.S.C. § 202:

    a.    the arbitration agreement arises out of a legal relationship which is commercial; and

    b.    that relationship is not entirely between citizens of the United States and, moreover, otherwise has a reasonable relation with a foreign state.

4. Removal of this action from the Supreme Court of the State of New York to this Court is also proper under 28 U.S.C. § 1441(b) because this Court would have had original jurisdiction of the action on the basis that it presents a federal question, 28 U.S.C. § 1331, had the action originally been brought in this Court. Original jurisdiction on the basis of a federal question exists because, as petitioners have acknowledged in the Memorandum of Law in support of their Petition, "the federal substantive law of arbitration applies to this dispute."

5. To the extent that this Notice of Removal is based on diversity of citizenship and general federal question jurisdiction, it is timely under 28 U.S.C. § 1446(b) because:

    a. ChevronTexaco Corporation received service of the Petition on October 20, 2004; and

    b. Texaco Petroleum Company received service of the Petition on October 20, 2004.

This Notice of Removal is being timely filed within 30 days of the receipt of the Petition.

6. To the extent that this Notice of Removal is based on 9 U.S.C. § 205 and 9 U.S.C. § 302, it is timely because, as required by 9 U.S.C. § 205, it has been filed before trial of the state court proceeding.

7. As set forth above, the AAA is a nominal party that has no interest in the subject matter of the litigation and thus should be ignored for purposes of removal. (*See* Letter from T. Hecht to M. Kolis *et al.*, dated Oct. 21, 2004 ("[T]he AAA is an unnecessary party to this litigation . . . and therefore takes no position with respect to the removal of this case to federal court.") (annexed hereto as Exhibit 1).

8. True and correct copies of the process, pleadings, and orders that have been served or delivered to respondents ChevronTexaco Corporation and Texaco Petroleum Company at the time of this removal are annexed hereto as Exhibits 2 through 6. Those documents

consist of: the Order to Show Cause (Exhibit 2), the Petition (Exhibit 3), the Memorandum of Law (Exhibit 4), and Documents (Exhibits 5 and 6).

9. Counsel for respondents ChevronTexaco Corporation and Texaco Petroleum Company certifies that it will file a copy of this Notice of Removal with the Clerk of Court for the Supreme Court of the State of New York, County of New York and give notice of same to counsel for all parties.

10. Respondents ChevronTexaco Corporation and Texaco Petroleum Company reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, respondents ChevronTexaco Corporation and Texaco Petroleum Company remove the above-captioned action, now pending in the Supreme Court of the State of New York, County of New York, to this Court.

Dated: October 22, 2004
      New York, New York

                    JONES DAY

                    By: *[signature]*
                        Thomas E. Lynch (TL-7540)
                    222 East 41st Street
                    New York, New York 10017
                    (212) 326-3939

                    - and -

                    JONES DAY
                    Thomas F. Cullen, Jr. (*pro hac vice* application to be filed)
                    Gregory A. Castanias (*pro hac vice* application to be filed)
                    Michael Kolis (*pro hac vice* application to be filed)
                    Louis K. Fisher (*pro hac vice* application to be filed)
                    51 Louisiana Avenue, N.W.
                    Washington, D.C. 20001
                    (202) 879-3939


                    Attorneys for Respondents
                    ChevronTexaco Corporation and
                    Texaco Petroleum Company